UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JENNIFER DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-cv-2745 |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant Allstate Insurance Company's ("Allstate") Motion for Summary Judgment (D.E. #17) as to Plaintiff, Jennifer Dunn's ("Plaintiff or Dunn") insurance recovery claim, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Allstate avers that Plaintiff is barred from recovery because she failed to cooperate with the post-loss procedures required under her insurance policy, thereby prejudicing Allstate's interests. Allstate also challenges the validity of Dunn's bad faith penalty claim. Finally, Allstate seeks a determination that Dunn's personal property recovery should be limited to $3,618.00, on judicial estoppel grounds. For the forgoing reasons, this motion is **GRANTED** in part and **DENIED** in part.

**I.     BACKGROUND**

Dunn purchased her home at 3455 Vernon in Memphis, Tennessee, in 2007. (Mot. Summ. J., Ex. 2 at 9-10.) Allstate issued a homeowner's insurance policy to Dunn. (Compl. ¶ 3.) Dunn's home was then damaged by fire on June 2, 2010. (Id ¶ 4.) Allstate conducted a fire cause and origin investigation and gathered information regarding the overall damage to, and value of,

Dunn's home and personal property. (Morales's Aff. at ¶ 5.) Allstate then attempted to have ServPro, a cleaning company, visit Dunn's premises to clean it and to help maintain and restore Dunn's personal property until the premises were restored. (Mot. Summ. J., Ex. 4 at 12.) The parties disagree as to Dunn's cooperation with ServPro. Allstate alleges that Dunn failed to cooperate with the cleaning service by not showing up for a meeting with them. (Id at ¶ 5.) Dunn, however, claims that she did cooperate and subsequently met with ServPro after missing them the first time they showed up. (Dunn Aff. ¶ 4.)

Allstate conducted an Examination Under Oath ("EUO") of Jennifer Dunn on September 2, 2010. (Examination Tr. at 1.) At that examination Allstate requested Dunn's bank statements up until Dunn's period of loss. (Mot. Summ. J., Ex. 2 at 19.) Whether or not Dunn provided Allstate with all the necessary financial statements is also in dispute. Allstate argues that Dunn did not submit to it all requested financial records. (Mot. Summ. J., Ex. 4 at 23-24.) Plaintiff contends that she provided Allstate with all bank statements relevant to her claim. (Resp. at 2.)

Also in dispute is whether Dunn completed the EUO. Allstate alleges that Dunn never completed the EUO because she did not return the EUO transcript's signed errata sheet, which allows an insured to correct statements made during the EUO. (Morales's Dep. 18.) Dunn, however, argues that once she completed her EUO, she did return it to Allstate on November 18, 2010. (Dunn Aff. ¶ 5.)

The present motion was filed on August 10, 2011. Dunn responded to Allstate's motion on September 6, 2011. Allstate filed its reply to Dunn's response on September 20, 2011.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10A Charles A. Wright et al., Federal Practice and Procedure § 2727 (3d ed. 1998).

Once a properly supported motion for summary judgment has been made, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more

than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

### III. ANALYSIS

#### A. Cooperation and Prejudice

"Cooperation clauses in liability policies have been universally held to be valid." Talley v. State Farm Fire and Cas. Co., 223 F.3d 323, 325 -326 (6th Cir. 2000). "Fire policies ... almost universally require that the insured cooperate with the insurer in the investigation of the fire as a condition precedent to performance by the company to indemnify the insured for his loss." Id. (quoting Shelter Ins. Companies v. Spence, 656 S.W.2d 36, 38 (Tenn.Ct.App.1983). "Moreover, Tennessee courts . . ., in the absence of waiver or estoppel, hold that a breach of the clause substantially affecting the insurer's interests constitutes a complete defense to liability under the policy." Id.

Under the terms of Dunn's insurance policy with Allstate, Allstate's duty to provide coverage is contingent upon the insured's compliance with the claims procedures set forth in the policy. (Mot. Summ. J., Ex. 5 at 6) These procedures include giving notice upon the event of a loss, protecting property from further loss, and providing all accounting records, bills, invoices, and other vouchers upon request. (Id at 5-6.)

Allstate contends that Dunn is barred from recovery because Dunn failed to cooperate with the insurance policy's post-loss procedures, thus prejudicing Allstate, citing Talley v. State Farm Fire and Cas. Co., as support.[1] Dunn failed to cooperate with the insurance policy's post-loss procedures because she (1) did not provide Allstate with all necessary bank statements; (2)

---

[1] 223 F.3d 323 (6th Cir. 2000) (holding that to avoid liability under fire insurance policy due to insured's refusal to submit to a sworn examination as required by cooperation clause, insurer was required to show prejudice. Rebuttable presumption is that insurer was prejudiced.)

4

failed to cooperate with Allstate's attempts to repair and maintain her property; and (3) failed to complete her Examination Under Oath (EUO).

Allstate first alleges that Dunn failed to provide them with all necessary bank statements. It is undisputed that Dunn supplied Allstate with bank statements from 2007 up until June 2008. Dunn contends that her bank account was closed and points to her June 2008 bank statement which indicates "Forced Closed Account." This contention is undermined, however, by Dunn's statement in her EUO that she closed her bank account in December of 2008. Allstate argues that it relied on Dunn testimony and could not fully investigate the existence or value of Dunn's personal property without the statements.

Although Dunn stated earlier that she closed her bank account in December 2008, the statements themselves and her responsive brief appear to establish that the account was closed in June 2008, and thus Dunn's submissions were complete. Rather than non-cooperation, the evidence seems to indicate a simple misunderstanding. Viewing these facts in a light most favorable to the nonmoving party, this Court finds that there exists a genuine issue of material fact and Allstate has not established that Dunn failed to comply.

Allstate next argues that it was prejudiced by Dunn's failure to cooperate with its attempts to maintain and repair her property. Allstate claims that it continuously reached out to Dunn in order to help her clean and restore her personal property and that she avoided the cleaning company's calls and failed to show up for a scheduled appointment. Dunn states that although she missed a scheduled appointment with ServPro, she subsequently met with them and was informed that her contents could not be cleaned.

Allstate has not shown that Plaintiff failed to comply with its attempts to maintain her property. Allstate's assertion that Plaintiff avoided ServPro's calls is disputed by Dunn.

However, assuming Plaintiff did avoid ServPro, Allstate has failed to show how it was prejudiced by this non-cooperation. For this reason, the Court finds that Allstate has not presented the necessary undisputed facts to support a summary judgment motion.

Finally, Allstate argues that it was prejudiced by Dunn's failure to complete her EUO. Allstate claims that it was unsure whether Dunn intended to supplement the testimony she gave during the EUO and was therefore unable to complete its investigation before she filed her lawsuit. Allstate asserts that completion of the EUO is a prerequisite to filing suit.

In response to Allstate's claim, Dunn simply states that the insurance policy was silent as to when the insured must return the signed EUO. Dunn's EUO was taken on September 2, 2010. Her signed errata sheet was returned to Allstate on November 18, 2010.

The fact that Dunn submitted to an examination under oath and that the only "lack of cooperation" was in her two-month delay in returning the errata sheet makes this a very different case from Talley, which involved an outright refusal to be examined under oath. For this reason, the Court finds that a genuine issue of fact exists as to Dunn's failure to comply with the policy's cooperation clause. Summary judgment is inappropriate as to this issue.

### B. Recovery under Tennessee's Bad Faith Statute and Judicial Estoppel

Allstate argues that Dunn should not be able to recover under Tennessee's Bad Faith Statute. It also claims that if Dunn's claim survives summary judgment, she should be prevented from recovering the value of any property she did not claim in her petition for bankruptcy. The value of Dunn's property, as determined by her petition for bankruptcy, is $3,618. In her response, Dunn concedes to both of these assertions. Accordingly, this Court **GRANTS** Defendant's summary judgment motion as to these two issues.

### IV.   CONCLUSION

For the reasons set forth in this order, Allstate's motion is granted in part and denied in part.

IT IS SO ORDERED this 24th day of October, 2011.

<u>s/Bernice Bouie Donald</u>
**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT JUDGE**